UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TOMMY FLEEK,                          )
                                      )
                Plaintiff,            )
                                      )
        v.                            )    No. 2:19-cv-00496-JRS-DLP
                                      )
WHITEPAGES, INC.,                     )
ROB ALGARD,                           )
                                      )
                Defendants.           )

## Order

Defendant Whitepages, Inc. moves for dismissal for lack of personal jurisdiction under Rule 12(b)(2), or for failure to state a claim under Rule 12(b)(6).  (Def.'s Mot. Dismiss, ECF No. 13.)  Plaintiff Tommy Fleek, proceeding *pro se*, has filed several memoranda, (ECF Nos. 15, 16, 18, 19, 23, 24, 37), which the Court construes, collectively, as Fleek's response in opposition to Whitepages's motion.  *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) ("[a] trial court is obligated to liberally construe a pro se plaintiff's pleadings").  Because Fleek's filings, considered together, do not amount to a prima facie showing of personal jurisdiction, the Court dismisses Fleek's complaint without reaching the merits of Whitepages's Rule 12(b)(6) argument.

Fleek alleges that his wife received an email from Whitepages listing Fleek's address and inviting her to "check out new information" on Fleek.  (Compl. ¶ 3, ECF No. 1-1.)  Fleek alleges claims for negligence, invasion of privacy, and identity theft, seeking $50 million in damages.  (Compl. ¶¶ 5–6.)  Whitepages argues that this Court

1

lacks personal jurisdiction because neither general nor specific jurisdiction lies in Indiana.  (Def.'s Mem. Supp. Mot. Dismiss 6–10, ECF No. 14.)

In support, Whitepages submits the Declaration of Eric Meixner, Whitepages's Vice President of Advertising Operations.   (Meixner Decl. ¶ 2, ECF No. 13-1.) Meixner testifies that Whitepages is incorporated in Delaware, with its headquarters and principal place of business in Seattle, Washington.  (*Id.* ¶¶ 6–7.)  Meixner's declaration further indicates that the email received by Fleek's wife was an alert generated by Whitepages's report monitoring service, which sends such alerts when there have been updates on background reports that the user previously purchased. (*See id.* ¶ 5.)  Fleek offers no evidence to controvert Meixner's testimony.  (The only purported evidence Fleek submits is a document stating that Hulk Hogan was awarded $32 million for violation of his privacy.  (*See* ECF No. 28.)  That document is neither evidence nor pertinent to personal jurisdiction.)

Courts are powerless to adjudicate claims in the absence of personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).  This Court has personal jurisdiction over Whitepages only if the Court's exercise of personal jurisdiction is consistent with the Constitution's Due Process Clause.  *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).  The exercise of personal jurisdiction is consistent with due process only if the defendant has "certain minimum contacts" with Indiana "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington,*

2

326 U.S. 310, 316 (1945); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003).

When faced with a Rule 12(b)(2) motion, the plaintiff bears the burden of making a prima facie showing of personal jurisdiction over the defendant. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Here, Whitepages has submitted evidence opposing the Court's exercise of personal jurisdiction, so, to survive the motion to dismiss, Fleek must similarly submit affirmative evidence supporting the exercise of personal jurisdiction. *Id.*

Personal jurisdiction can be "'general' (sometimes called 'all-purpose') or 'specific' (sometimes called 'case-linked')." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017). General jurisdiction over a corporation exists only in those states where the corporation is "essentially at home": its state of incorporation and its principal place of business. *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 697 (7th Cir. 2015). Meixner's uncontroverted declaration establishes that Whitepages is incorporated in Delaware, and that its principal place of business is in Washington. Accordingly, Whitepages is not subject to general jurisdiction in Indiana, and only specific jurisdiction is at issue.

The first inquiry for specific jurisdiction is whether the defendant's activity can be characterized as "purposefully directed" at the forum state. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020). Purposeful direction may be shown by evidence that the defendant's actions, even if initiated outside of the forum state, nevertheless were directed at the forum state. *Id.* The Supreme Court has

emphasized that this analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). This requirement also applies to websites accessible within the forum state: "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011). The purposeful direction test protects defendants from being haled into court based on contacts that result solely from the unilateral activity of the plaintiff. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Curry*, 949 F.3d at 396.

Here, Fleek's claims fail to pass even this first inquiry, because Fleek does not allege any facts showing that Whitepages "purposefully directed" activity at Indiana. The only allegation of Whitepages's activity in Indiana is the email that Fleek's wife received from Whitepages about Fleek's address. (Meixner's uncontroverted declaration establishes that Whitepages acquires its data listings from public records and third-party providers, so the email is the only suit-related conduct at issue. (Meixner Decl. ¶ 4.)) Meixner's declaration further establishes that the email was a report monitoring alert generated as a result of Fleek's wife's purchase of a background report, and that purchases of Whitepages's products and services in Indiana make up less than two percent of its typical monthly billing. (Meixner Decl. ¶¶ 5, 14.) Based on the allegations of the complaint and the uncontroverted evidence, Whitepages's suit-related contacts with Indiana resulted from Fleek's wife's

4

unilateral action, and not from any purposeful direction or targeting by Whitepages. Thus, this Court does not have specific jurisdiction over Whitepages.

Lacking personal jurisdiction over Whitepages, the Court cannot proceed further. See *Ruhrgas AG*, 526 U.S. at 584 ("Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'") (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)).  Fleek's complaint must be dismissed.

## Conclusion

Because Fleek has not made a prima facie showing of personal jurisdiction, the Court **grants** Whitepages's Rule 12(b)(2) Motion (ECF No. 13) and **dismisses** Fleek's complaint without prejudice for lack of personal jurisdiction.  Fleek's various motions (ECF Nos. 15, 16, 18, 19, 23, 24, 37) are **denied**.  The Magistrate Judge's Report and Recommendation (ECF No. 30), now moot, is terminated.  Final judgment will be entered separately.


   **SO ORDERED.**


   Date:   7/28/2020

                                          _____
                                          JAMES R. SWEENEY II, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

TOMMY FLEEK
410 E. 2nd Street
Russellville, IN 46175

Venkat Balasubrmani
Focal PLLC
venkat@focallaw.com

John D. Cross
MERCER BELANGER, P.C.
jcross@fitzwatermercer.com

Stacia Lay
Focal PLLC
stacia@focallaw.com